UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:20CV-00051-JHM

GELENA HACKNEY                                                                                   PLAINTIFF

V.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                DEFENDANT

### ORDER

Plaintiff Gelena Hackney brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner of Social Security's decision to deny her claim for Social Security disability benefits. [DN 1]. The Court referred the action to the Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended the Court affirm the Commissioner's final decision denying benefits. [DN 21]. Hackney filed an Objection to the Magistrate Judge's Findings of Fact, and Conclusions of Law, and Recommendation [DN 22], and the Commissioner responded [DN 23].

### Background

On November 3, 2016, Hackney filed an application for disability insurance benefits. After this claim was denied at the administrative level, Hackney was granted a hearing in front of an Administrative Law Judge ("ALJ") on August 17, 2018. The ALJ denied Hackney's claim in a decision dated April 8, 2019. Using the traditional five-step evaluation for disability benefits, *see* 20 C.F.R. § 404.1520, the ALJ made the following findings: First, Hackney had not engaged in substantial gainful activity since January 30, 2016, through her date last insured of March 31, 2017. Second, Hackney suffers from the following severe impairments: multiple fractures to the right upper extremity and bilateral lower extremities, status-post motor vehicle accident in

January 2016. Third, Hackney's impairments do not satisfy the clinical criteria of any impairment listed in Appendix 1 of the regulations. Fourth, Hackney has the residual functional capacity ("RFC") to perform light work with certain limitations, but she is not capable of performing past relevant work. Finally, the ALJ concluded that Hackney was not disabled because she retains the ability to perform a significant number of jobs that exist in the national economy. Subsequently, the Appeals Council denied Hackney's request for review of the ALJ's decision. Hackney then filed a Complaint with this Court for judicial review of the Commissioner's decision to deny her claim for Social Security disability benefits.

## Standard of Review

It is well-settled that the Court reviews the objected-to portions of a report and recommendation *de novo*. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). The Court's "review of the Commissioner's determination is, of course, more deferential." *Dillon v. Comm'r of Soc. Sec.*, No. 517CV00102TBRLLK, 2019 WL 4645580, at *1 (W.D. Ky. Sept. 24, 2019) (citing 42 U.S.C. § 405(g); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). "The scope of that inquiry is limited to (1) 'whether the findings of the ALJ are supported by substantial evidence' and (2) 'whether the ALJ applied the correct legal standards.'" *Dillon*, 2019 WL 4645580, at *1 (quoting *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016)). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently and even if substantial evidence also supports the opposite conclusion." *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011) (cleaned up).

## Discussion

Hackney objects to the Magistrate Judge's proposed findings and recommendations arguing that in both Step 3 and Step 5, "[t]he ALJ engaged in 'cherry picking' of medical

evidence to support her ultimate decision while failing to address contradicting evidence." [DN 22 at 2–3, 5]. Hackney argues that at Step 3, the ALJ failed to consider or address evidence that demonstrated that she met the requirements for disability under Impairment Listing 1.06, and by not considering this evidence, the ALJ erred at Step 5 by creating an incomplete RFC.

In support of her objections, Hackney first contends that the ALJ failed to adequately address specific medical records dated December 19 and 20, 2017, from Dr. Jeana Lee; January 3, 2018, from Dr. O'Neil; January 8, 2018, left tibia/fibula x-ray; March 6-8, 2018, hospital visit records; April 4, 2018, from Dr. James Yelton; and June 8, 2018, from Dr. Yelton. Hackney maintains that in addressing the same argument, the Magistrate Judge erred by simply stating that "contrary to Plaintiff's accusation, the ALJ considered the above-mentioned evidence addressing her physical impairments in the relevant time frame" when the Magistrate Judge actually made no specific reference to six of the seven medical records. [DN 21]. Hackney argues that because the ALJ did not address this contradicting evidence in sufficient detail, the credibility analysis was fundamentally flawed and not supported by substantial evidence.

The Court overrules this objection and finds that the ALJ properly evaluated the evidence and did not engage in cherry picking of the evidence. For example, the ALJ considered Exhibit 17F which includes both the April 4 and June 8, 2018, medical records from Dr. James Yelton. To the extent the medical evidence bore on the issue of whether Hackney was disabled prior to the date last insured, the ALJ considered the medical evidence provided after Hackney's date last insured in addressing her physical impairments, the severity of her impairments, and her limitations set forth in the RFC assessment. Accordingly, the Court finds that the ALJ's Step 3 and Step 5 determinations are supported by substantial evidence.

Second, Hackney argues that the fact that some of the evidence in question was generated

after the date last insured does not obviate the ALJ's obligation to address this evidence given that all the impairments and evidence stem from the automobile accident that occurred before the date last insured. Hackney maintains that because this evidence relates back to a period before the date last insured, it must be addressed. In response, the Commissioner contends that Hackney raises an entirely new argument in her objections to the Magistrate Judge's recommendation: all the medical evidence from December 2017 through June 2018, which was generated after her date last insured, related back to the period at issue.

Although Hackney references evidence which post-dates the relevant time period, the Sixth Circuit has explained that "'evidence of disability obtained after the expiration of insured status is generally of little probative value.'" *Sherrills v. Berryhill*, No. 1:17CV00030, 2017 WL 5054736, at *5 (N.D. Ohio Oct. 26, 2017) (quoting *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004)). To be relevant to the disability decision, "[p]ost-expiration evidence must relate back to the claimant's condition prior to the expiration of her date last insured." *Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x. 478, 480 (6th Cir. 2003); *see also Hauck v. Comm'r of Soc. Sec.*, No. 2:16-CV-970, 2017 WL 3276019, at *4 (S.D. Ohio August 2, 2017) ("Although consideration of evidence obtained after the date last insured is not prohibited, such evidence is only relevant to the extent that it relates back to the claimant's condition prior to the expiration of his date last insured." (cleaned up)); *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (deterioration in the claimant's condition after the period of eligibility is irrelevant).

Here, contrary to Hackney's argument, some of the medical evidence submitted from December 2017 through June 2018 did not offer any insight into Hackney's condition during the relevant period—January 30, 2016, through her date last insured of March 31, 2017. For example, the medical record from December 20, 2017, concerned a condition that appeared

4

earlier in that week—an abscess in her left leg. Similarly, the other records related to medical procedures undertaken to treat that condition or related to other issues presented after Hackney's date last insured. Furthermore, even if Hackney experienced some changes in her condition in 2018, the evidence does not reflect that these changes relate back to the relevant period. *See Chassar v. Comm'r of Soc. Sec.*, No. 2:17-CV-14144, 2019 WL 2035596, at *5 (E.D. Mich. Feb. 15, 2019) ("[W]hether Plaintiff is disabled now, even if as a result of her February 2012 motor vehicle accident, is irrelevant, if she has failed to establish that she suffered a severe impairment prior to her date late insured."). As accurately noted by the Magistrate Judge, the ALJ expressly considered the medical evidence relevant to the determination of whether Hackney was disabled before the date last insured.

Based on the foregoing, **IT IS HEREBY ORDERED** that the Court **ADOPTS** the Findings of Fact, Conclusions of Law, and Recommendation [DN 21], **OVERRULES** Plaintiff's Objections [DN 22], and **AFFIRMS** the decision of the Commissioner denying benefits to Plaintiff. A separate judgment shall be issued consistent with this Order.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: counsel of record

April 27, 2021